UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JOHNNY FOSTER, )
 )
        Petitioner, )
 )
v. ) Case No. 09-CV-0169-CVE-TLW
 )
JUSTIN JONES, Director, )
 )
        Respondent. )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus[1] (Dkt. ## 1, 2). Respondent filed a response (Dkt. # 12) to the petition, and a supplement to the response (Dkt. # 19). Respondent has provided copies of state court records (Dkt. ## 12, 13, 14) for the Court's use in evaluating Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On November 17, 2005, a school nurse observed bruising on six year old MF1 and his four year old sister, MF2. The nurse suspected the children were possible victims of child abuse. Petitioner is the father of the children. In an interview with Tulsa Police Department officers, Petitioner admitted to spanking the children with a belt, as punishment. He was later arrested and charged by Information with two counts of willful injury to a minor child, after three former felony convictions.

---

[1] An affidavit attached to the petition (Dkt. # 1) has been filed as a separate, sealed document (Dkt. # 2).

On June 20-22, 2006, Petitioner was tried by a jury in Tulsa County District Court Case No. CF-2006-98. Petitioner testified in his own defense that he did not intend to harm the children, but "just to punish them." See Dkt. # 14-4, Tr. Trans. Vol. II at 347. The jury found him guilty on both counts. On July 6, 2006, the trial judge sentenced Petitioner to twenty year sentences on each count, to be served concurrently. See Dkt. # 14-6, Sent. Trans. at 4. At trial, Petitioner was represented by attorney Richard Couch, Assistant Public Defender with the Tulsa County Public Defender's Office.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stuart Southerland, he raised six (6) propositions of error:

> Proposition One: It was reversible error to fail to instruct the jury that ordinary force is permissible as a means of discipline.
>
> Proposition Two: The prosecutor misstated the law relating to the State's burden to show intent to harm. In the absence of an instruction informing the jury of a parent's right to discipline his child, Appellant suffered prejudice.
>
> Proposition Three: It was reversible error to conduct a two-stage trial in this case.
>
> Proposition Four: It was error to grant the State's motion to continue the preliminary hearing over defense counsel's objection.
>
> Proposition Five: Appellant had ineffective trial counsel in violation of the Sixth and Fourteenth Amendment[s] to the United States Constitution.
>
> Proposition Six: It was reversible error to refuse Appellant's request to define "beyond a reasonable doubt."

(Dkt. # 12, Ex. 1). In an unpublished summary opinion filed February 28, 2008, in Case No. F-2006-738 (Dkt. # 12, Ex. 4), the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court.

Next, Petitioner sought post-conviction relief in the district court, claiming his trial counsel was ineffective. The district court denied relief on September 12, 2008, finding that the issue was

barred as it had been raised on direct appeal. See Dkt. # 1 at 21-24. Petitioner appealed the decision to the OCCA. By order filed March 12, 2009, in Case No. PC-2008-1185, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 12, Ex. 7.

Petitioner filed his federal habeas corpus petition on March 26, 2009 (Dkt. # 1), identifying the following grounds[2] of error:

> Ground 1: It was reversible error to fail to instruct the jury that ordinary force is permissible as a means of discipline.
>
> Ground 2: The prosecutor misstated the law relating to the state's burden to show intent to harm. In the absence of an instruction informing the jury of a parent's right to discipline his child.
>
> Ground 3: It was reversible error to conduct a two-stage trial in this case.
>
> Ground 4: It was error to grant the State's motion to continue the preliminary hearing over defense counsel's objection.
>
> Ground 5: Appellant had ineffective trial counsel in violation of the Sixth and Fourteenth Amendment[s] to the United States Constitution.
>
> Ground 6: It was reversible error to refuse Appellant's request to define "Beyond a reasonable doubt."

See Dkt. ## 1, 2. In response to the petition, Respondent argues Petitioner is not entitled to habeas corpus relief. See Dkt. # 12.

---

[2] Although Petitioner lists only grounds one through four in the main body of his petition (Dkt. #1), he filed a separate affidavit (Dkt. # 2) listing all six grounds from his direct appeal. In an abundance of caution, the Court will review all six grounds of error in considering Petitioner's request for habeas corpus relief.

## ANALYSIS

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Adjudication by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The

4

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner raised all his grounds of error on direct appeal. Thus, to the extent those claims are cognizable in this federal habeas corpus proceeding, they shall be reviewed pursuant to § 2254(d).

1.  **Failure to instruct regarding permissible discipline (ground one)**

In his first claim of error, Petitioner argues that his constitutional right to due process was violated because the trial judge failed to instruct the jury that ordinary force is permissible as a means of discipline. Rejecting this issue on direct appeal, the OCCA found as follows:

> "Jury instructions are sufficient if when read as a whole they state the applicable law." *Hogan v. State*, 2006 OK CR 19, ¶ 39, 139 P.3d 907, 923, *cert. denied*, ___ U.S. ___, 127 S.Ct. 994, 166 L.Ed.2d 751 (2007). The jury instructions given to Foster's jury, particularly the elements instruction defining "harm" as nonaccidental injury and the instruction defining "unreasonable force" as more than ordinary discipline, allowed the jury to consider Foster's purported defense without additional instruction. The jury rejected Foster's accident defense because he admitted on the stand that he hit the children too hard, using too much force. No relief is required.

Dkt. # 12, Ex. 4 at 2.

Where a habeas petitioner challenges the state trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir.1981)); see also Smith v. Gibson, 197 F.3d 453, 460 (10th Cir.1999). Thus, the burden on a petitioner attacking a state court judgment based on a refusal or failure to give a jury instruction is especially great because "'[a]n omission, or an incomplete

instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

After reviewing the record and trial instructions in this case, the Court finds that the omission of a specific instruction on a parent's right to discipline his child was not so fundamentally unfair as to deprive Petitioner of a fair trial and due process of law. As noted by the OCCA, the instructions given to the jury accurately stated the applicable law and allowed the jury to consider Petitioner's defense. See Docket # 14-7, Original Record at 63-64, Instruction ## 21-22.[3] Further, Instruction # 17 provided the jury with a definition of an exculpatory statement as one made by the defendant that tends to clear him from alleged guilt. Id. at 59. It is well established that juries are presumed to follow their instructions. Zafiro v. United States, 506 U.S. 534, 540 (1993); United States v. Carter, 973 F. 2d 1509, 1513 (10th Cir. 1992). Petitioner supplies no authority for the proposition that the jury needed expanded instructions, or a separate instruction, advising them to consider what discipline was permissible under Oklahoma law. This Court finds that the language of the instructions given to the jury did not result in a violation of Petitioner's constitutional rights. The Court further finds that the OCCA's decision regarding this issue was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254 (d)(1). Accordingly, habeas relief shall be denied on this issue.

  **2.  Prosecutorial misconduct (ground two)**

Expanding upon his ground one complaint that the jury was not instructed regarding permissible discipline for children by a parent, Petitioner alleges in ground two that the prosecutor

---

[3]   Instruction # 21 defined "harm" as non-accidental physical injury. Instruction # 22 informed the jury that "unreasonable force" is more than that ordinarily used as a means of discipline.

argued incorrectly that Petitioner's specific intent in spanking his children was irrelevant. More precisely, Petitioner argues that the following statements by the prosecutor misstated the law, resulting in prejudice to Petitioner:

> [Johnny Foster] intentionally hit the kids, he told you that. The first element that I think is really important in a case like this for the jury to understand, and it's followed by a definition, is a person willfully or maliciously engaged in this. Willful; purposeful, does not require an intent to violate the law or to injure another. *I don't have to prove to you that he intended to put these bruises on the kids, the law doesn't require that.*
>
> The law requires I prove that he meant to hit them, and as a result of his actions that's the injury that was inflicted. *The law tells you I don't have to prove to you that he intended to bruise these kids up.*
>
> In a case like this I think jurors sometimes get confused that, well, he may not have intended to hurt these kids. *It didn't matter.* (Vol. III, Tr. 381, 382) (Emphasis in original unknown.)

See Dkt. # 12, Ex. 1 at 13. In resolving this claim on direct appeal, the OCCA found as follows:

> The prosecutor's argument concerning the State's burden on intent was a correct statement of the law. Child abuse is a general intent crime. *See Fairchild v. State*, 1998 OK CR 49, 998 P.3d [sic] 611. Acting "willfully" implies simply a purpose or willingness to commit the act and does not require any intent to violate the law or to injure another. *Fairchild*, 1998 OK CR. 49, ¶ 34, 998 P.2d at 620. Nor does the term "maliciously" require an intent to injure. *Id.* ¶ 37, 998 P.2d at 620. Contrary to Foster's claim, the prosecutor's argument does not make child abuse a strict liability crime because it requires proof that the defendant acted willfully and maliciously rather than involuntarily or accidentally. *See Id.* ¶ 49, 998 P.2d at 622.

Dkt. # 12, Ex. 4 at 2-3.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have

7

tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (internal quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

When viewed in light of the evidence presented at trial, including the testimony of Petitioner, the Court concludes that the referenced comments by the prosecutor did not tip the scales in favor of the prosecution to the detriment of Petitioner's constitutional rights. Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d).

### 3. Error to conduct two-stage trial (ground three)

In his third ground for relief, Petitioner contends that it was error for the court to conduct a two-stage trial. Respondent notes that no claim of a federal constitutional violation is made by the Petitioner, and his direct appeal brief cited only state law. The OCCA denied relief on this issue, and Respondent asserts that the state court's decision is neither contrary to, nor an unreasonable application of, Supreme Court law. Citing prior Oklahoma cases, the OCCA stated that "it is not error to conduct a two-stage trial where a defendant testifies and admits prior convictions in first stage if he suffers no harm." See Dkt. # 12, Ex. 4 at 3. Rejecting Petitioner's claims of harm, the OCCA reasoned as follows:

> Foster's claims of harm are unpersuasive. Foster sought a single stage trial in hopes that the jury would believe the sentence required for a thrice convicted felon now convicted of child abuse was disproportionate to the offense committed and would disregard the law by either acquitting him or convicting him of the lesser offense. Depriving Foster of the opportunity to take advantage of jury nullification is not the kind of harm justifying appellate relief. *See Lockhart v. Fretwell*, 506 U.S. 364, 374,

8

> 113 S.Ct. 838, 845, 122 L.Ed.2d 180 (1993) (A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed.) In assessing prejudice here, we must assume that the jury as decisionmaker reasonably, conscientiously, and impartially applied the standards that govern the decision. *Id.* We presume Foster's jury followed the law and instructions and convicted him of the offense proved by the evidence. Under these circumstances, Foster has failed to show prejudice.

Id. at 3-4 (footnote and some citations omitted).

Petitioner argues that the jury might not have found him guilty if they knew after the first stage that his prior felonies required a minimum sentence of twenty years imprisonment on each count. However, Petitioner is not entitled to a single stage trial just because it might have a lenient effect on the jury's decision. Cf. United States v. Martinez, 979 F.2d 1424, 1433 (10th Cir. 1992). Petitioner has failed to demonstrate that the OCCA's ruling was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner is not entitled to habeas corpus relief on ground three.

### 4. Preliminary hearing error (ground four)

In his fourth ground for relief, Petitioner complains that the trial court erred in granting the State's request for a continuance of the preliminary hearing over defense counsel's objection. The OCCA denied relief, finding as follows:

> Title 12 O.S. 2001, § 668 imposes procedural requirements for requesting continuances because of the absence of evidence. The reason for the continuance in Foster's case is not in the record. This Court has held that where the requirements of § 668 are applicable and are not followed, the record is reviewed to determine whether the trial court's grant or denial of a continuance impinges on a substantial right of the accused causing him prejudice. 20 O.S. 2001, 3001.1. *See also Bryson v. State*, 1994 OK CR 32, ¶ 31, 876 P.2d 240, 254. "Unless a procedural failure results in a miscarriage of justice or constitutes a substantial violation of appellant's rights this Court cannot set aside a verdict." *Hunnicut v. State*, 1988 OK CR 91, ¶ 7, 755 P.2d 105, 109. Even if this continuance was subject to the procedural requirements of § 668 and the trial court erred in granting the continuance, the error

9

> did not result in a miscarriage of justice or a substantial violation of Foster's rights. Foster offers nothing to show he was prejudiced by the ruling. No relief is required.

Dkt. # 12, Ex. 4 at 5 (footnotes omitted).

Petitioner fails to demonstrate how the OCCA's decision was an unreasonable application of Supreme Court law. See 28 U. S. C. § 2254(d). His argument is premised upon alleged violations of state procedural law by the trial court. However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991); Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). Petitioner is not entitled to relief on his ground four proposition of error.

### 5. Ineffective assistance of trial counsel (ground five)

Next, Petitioner complains that trial counsel provided ineffective assistance in failing to (1) adequately inform him of the consequences of his decision to testify, (2) request a jury instruction advising the jury that, under Oklahoma law, ordinary force could be used in disciplining children, and (3) object to the prosecutor's comments regarding the issue of intent. On direct appeal, the OCCA denied relief, citing Head v. State, 146 P.3d 1141, 1148 (Okla. Crim. App. 2006) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)), and finding that Petitioner could not show prejudice. See Dkt. # 12, Ex. 4. He raised the same claims of ineffective assistance of trial counsel in post-conviction proceedings, but they were denied on the basis of res judicata. See Dkt. # 1 at 23.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687. A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.

10

Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Upon review of the record, the Court finds that Petitioner's counsel did not provide deficient representation. The record belies Petitioner's contention that he was not properly advised of the consequences resulting from his decision to testify. Just prior to Petitioner's testimony, a record was made regarding his decision to testify. See Dkt. # 14-4, Tr. Trans. Vol. II at 338-40. First, defense counsel made the following statement to the court regarding Petitioner's decision to testify:

> Your Honor, with respect to testifying, I visited with my client about his right not to testify. I visited with him about the advantages and disadvantages of testifying in this case, even from the standpoint if he were to testify that his, certainly his prior felony convictions could come in for impeachment purposes under the Rules of Evidence.
>
> That those couldn't be considered at that time -- well, let me rephrase that. But anyway, that with respect to whether the Court is going to grant a second stage or not, that's a decision the Court will make later. That his decision to testify is based on his desire to testify, irregardless [sic] whether the Court grants a second stages [sic] or doesn't grant a second stage.

11

> And after visiting with him about these advantages and disadvantages of testifying, it's his decision that he wishes to testify.

Id. at 338. The trial judge then proceeded to inquire of Petitioner directly regarding his understanding of the risks involved in testifying, and the following colloquy occurred:

> JUDGE: Mr. Foster, you heard the announcement made by your counsel. Does that accurately reflect the conversations you've had with Mr. Couch and your desires here today?
>
> FOSTER: Yes, ma'am.
>
> JUDGE: You understand, sir, that you have an absolute right, constitutional right, not to testify in this trial?
>
> FOSTER: Yes, ma'am.
>
> JUDGE: You want to give that up and testify?
>
> FOSTER: Yes, ma'am.
>
> JUDGE: You understand that if you do testify, for the purposes of impeachment the fact that you have prior felony convictions will be admitted into evidence?
>
> FOSTER: Yes, ma'am.
>
> JUDGE: Despite that, you've chosen to testify?
>
> FOSTER: Yes, ma'am.

Id. at 338-39. Counsel did not perform at a level below that expected of reasonably competent attorneys in advising Petitioner regarding the risks associated with his decision to testify. Petitioner has failed to satisfy the deficient performance prong of Strickland.

In addition, counsel was not deficient for failing to request an instruction on the use of ordinary force in disciplining children as this Court has already determined in Section B(1) above that such an instruction was not necessary. Likewise, because the Court concluded, see Section B(2) above, that the prosecutor's comments regarding intent were not harmful to Petitioner, his attorney's

12

failure to object to the comments did not constitute deficient performance. Petitioner has failed to satisfy the first prong of the Strickland standard for analyzing ineffective assistance of counsel claims.

The Court further agrees with the OCCA that Petitioner cannot satisfy the prejudice prong of the Strickland standard. Assuming, without finding, that trial counsel performed deficiently in any of the three areas raised in ground five, Petitioner cannot show that the results of the proceeding would have been different but for counsel's deficient performance. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on his ground five claim of ineffective assistance of counsel.

### 6. Failure to define "beyond a reasonable doubt" (ground six)

In his sixth ground for relief, Petitioner alleges that the trial court erred in refusing to define "beyond a reasonable doubt" for the jury. The OCCA found that the trial court did not abuse its discretion in refusing Petitioner's proffered instruction defining reasonable doubt. See Dkt. # 12, Ex. 4.

The Court need not belabor its discussion because the Tenth Circuit has considered and rejected the exact same issue. In LaFevers v. Gibson, 182 F.3d 705, 716 (10th Cir. 1999), the Circuit Court found:

> The approach taken by the Oklahoma Court of Criminal Appeals is entirely consistent with federal law, as determined by the United States Supreme Court. "[T]he Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994). Rather, "so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt the Constitution does not require that any particular form of words be used in

advising the jury of the government's burden of proof." Id. at 5, 114 S.Ct. 1243 (citations omitted).

LaFevers, 182 F.3d at 716. Petitioner's request for habeas corpus relief based on his claim that the trial court did not define "beyond a reasonable doubt" for the jury shall be denied.

**C. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 9th day of July, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE